UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| COUNTRY MUTUAL INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-1851 CAS |
| | ) | |
| TERRI L. CRONIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file following the filing by defendants Terri L. Cronin and Jeffrey P. Cronin (the "Cronins") of a Third Party Complaint. In the body of the Third Party Complaint, the Cronins allege the following: "As a result of the joining of [third-party] Defendant Bally, there will no longer be complete diversity, absent further action by this Court, as Bally and Defendant C.B., by his Guardian ad Litem, Lennie Bell, are each a resident of the State of Missouri." Third Party Complaint at 3, ¶ 11.[1] The Court disagrees with this statement and, as discussed below, notes the existence of problems with jurisdiction as alleged in the Third Party Complaint.

A.  Effect of Third-Party Defendant's Citizenship on Diversity

Assuming that the Cronins are citizens of Oklahoma and Mr. Bally is a citizen of Missouri, Bally's joinder as a third party defendant does not affect the existence of diversity jurisdiction in this matter. "[T]he assessment of whether there is subject matter jurisdiction must be undertaken *for*

---

[1] The Cronins' assertion regarding the claimed absence of diversity jurisdiction is unexpected, as the potential destruction of diversity jurisdiction was not mentioned in their motion for leave to file a third-party complaint. It is the better practice for a moving party to disclose to the Court and opposing counsel that a proposed joinder will destroy complete diversity of citizenship.

*every individual claim asserted in federal court.* Thus, it is not sufficient that the underlying dispute invokes subject matter jurisdiction – every claim must do so." 3 James Wm. Moore, et al., Moore's Federal Practice § 14.41[1] (3d ed. 2012). In this case, the underlying suit is based on diversity of citizenship jurisdiction, as is the third-party claim.[2] At this time, there is no dispute between defendant C.B. through his guardian ad litem, Lennie Bell, and the third-party defendant, Bally. As a result, the fact that C.B., Bell and Bally are all alleged to be citizens of Missouri is irrelevant. Because these parties are not adverse, there does not need to be a basis of jurisdiction between them. See id. § 14.41[2]; see also Caterpillar Inc. v. Lewis, 519 U.S. 61, 67 n.1 (1996) (quoting Moore's; plaintiff and impleaded third-party defendant need not be of diverse citizenship where the two are not adverse); Rogers v. Aetna Cas. and Sur. Co., 601 F.2d 840, 843 (5th Cir. 1979) (same). Although these cases discuss the effect of a plaintiff and an impleaded third-party defendant sharing citizenship, the same result occurs here where a defendant, who is not a third-party plaintiff, and the impleaded third-party defendant are co-citizens.

B.  Factual Allegations Concerning Diversity in Third Party Complaint

The Order granting the Cronins' motion to join a third-party defendant noted that while the proposed Third Party Complaint sought to invoke the Court's diversity jurisdiction, it erroneously contained factual allegations regarding the parties' states of residence, rather than their states of citizenship. The Court cited authority for the rule that allegations of residence are insufficient to allege citizenship for purposes of establishing diversity jurisdiction. See Order of Oct. 2, 2012, at 2 (Doc. 49), citing Sanders v. Clemco Industries, 823 F.2d 214, 215 n.1 (8th Cir. 1987), and Jones

---

[2] As discussed below, the Third Party Complaint's factual allegations concerning diversity of citizenship are inadequate to invoke diversity jurisdiction.

v. Hadican, 552 F.2d 249, 251 n.3 (8th Cir. 1977).  The Order directed the Cronins to modify their Third Party Complaint to properly allege the parties' citizenship.

The Cronins failed to modify their pleading in conformity with this clear direction, as the Third Party Complaint they filed erroneously continues to allege facts regarding the parties' states of residence.  See Third Party Complaint at 1-2 (Doc. 50).  As a result, the Third Party Complaint fails to adequately invoke the Court's diversity jurisdiction on the Cronins' third-party claim and must be amended.

Accordingly,

**IT IS HEREBY ORDERED** that defendants/third-party plaintiffs Terri L. Cronin and Jeffrey P. Cronin shall file an amended Third Party Complaint that alleges facts concerning the parties' states of citizenship, and not their states of residence, by **October 22, 2012**.

**IT IS FURTHER ORDERED** that if the defendants/third-party plaintiffs fail to comply timely and fully with this Order, the Court will strike the Third Party Complaint from the record.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   16th   day of October, 2012.

3