## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

COUNTRY MUTUAL INSURANCE CO.,     )
    )
    Plaintiff,     )
    )
    v.     )      No. 4:11-CV-1851 CAS
    )
TERRI L. CRONIN, et al.,     )
    )
    Defendants.     )

### MEMORANDUM AND ORDER

This matter is before the Court on third-party defendant James C. Bally's motion to dismiss the Third Party Complaint against him filed by defendants and third-party plaintiffs Terri L. Cronin and Jeffrey P. Cronin (the "Cronins"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Cronins oppose the motion and it is fully briefed.  For the following reasons, the Court will grant the motion to dismiss the Cronins' third-party complaint, but will grant leave for the filing of an amended third-party complaint within fourteen days of the date of this order.

**Background**[1]

This declaratory judgment action filed by plaintiff Country Mutual Insurance Company ("Country Mutual") arises from an underlying personal injury lawsuit filed against the Cronins by minor C.B. through his guardian ad litem, Lennie Bell, captioned <u>C.B., by Lennie Bell v. Urban Behavioral Health Care Institute, L.L.C., et al.</u>, and pending in the Circuit Court of St. Charles County, Missouri, Case No. 1122-CC08895 ("State Action").  <u>See</u> Am. Compl. [Doc. 45], ¶ 7.

---

[1] The Background section is taken largely from Bally's Memorandum in Support of his Motion to Dismiss Third Party Complaint.  <u>See</u> [Doc. 63] at 2-3.  The Cronins adopted this Background statement as their own in their Memorandum in Opposition to the Motion to Dismiss. <u>See</u> [Doc. 67] at 3.

Country Mutual's Amended Complaint states that the plaintiffs in the State Action allege that the Cronins, while acting as C.B.'s foster parents, negligently caused C.B. to suffer severe physical injuries, permitted a dangerous condition to exist on their premises, and failed to care for C.B., causing him permanent damage.  Id., ¶ 9.

The Cronins submitted a claim to Country Mutual under their homeowner's policy (the "Policy") to defend them in the State Action and cover any liability they incurred therein.  Id., ¶ 19. Country Mutual is currently defending the Cronins in the State Action under a reservation of rights, and filed this action seeking a declaration that the Policy does not cover C.B.'s alleged injury.  Id., ¶ 23.

On October 19, 2012, the Cronins filed an Amended Third Party Complaint ("Third Party Complaint") against Bally, their former insurance agent who sold them the Policy, asserting claims for negligent failure to procure insurance (Count I) and negligent misrepresentation (Count II).  See Third Party Compl. [Doc. 48].  Both claims are dependent on the allegation that Bally agreed to procure a homeowner's policy that covered foster children living in the Cronins' home (such as C.B.), but failed to do so.  See id., ¶¶ 6,11,13,22.  The Cronins allege that Country Mutual's Amended Complaint demonstrates that Bally failed to procure a policy that covered foster children.

According to Country Mutual's Complaint, however, C.B., as a person under the age of 21 and in the care of the Cronins, was an "Insured" under the Policy and thus covered.  Id., ¶¶ 15, 23. There is no allegation in Country Mutual's Complaint that C.B. was not covered under the Policy, or that this coverage dispute was filed because C.B. was a foster child and therefore not covered under the Policy.  Rather, Country Mutual's suit alleges that the type of personal injuries allegedly suffered by any insured (whether foster child or some other covered person) are subject to a

2

coverage exclusion and that it has no duty to defend or cover the Cronins on that basis alone.  See Compl., ¶¶ 17-18; Policy [Doc. 45-1], at 8, § F(6).[2]

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint.  To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff need not provide specific facts in support of its allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level."  Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."  Id. at 562 (quoted case omitted).  This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]."  Id. at 556.

---

[2]The Court disagrees, however, with Bally's assertion that Country Mutual's Amended Complaint "plainly states . . . that any foster child living in the Cronins' home was covered under the homeowners' policy," Bally's Mem. Supp. Mot. Dismiss at 2 (emphasis added), and that the "Complaint and the attached Policy . . . unequivocally state that foster children, like C.B., were insured under the Policy for covered losses."  Bally's Reply at 2 (emphasis added).  Neither the Amended Complaint nor the Policy use the term "foster children," and instead make allegations or include statements that could be interpreted to refer to foster children.  The Court finds that the quoted representations by Bally's counsel are without factual support and are misleading.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however. Iqbal, 129 S. Ct. at 1949-50 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. Id. at 1950. Plausibility is assessed by considering only the materials that are "necessarily embraced by the pleadings and exhibits attached to the complaint[.]" Whitney v. Guys, Inc., 700 F.3d 1118, 1128 (8th Cir. 2012) (quoted case omitted). The plausibility of the plaintiff's claim is reviewed "as a whole, not the plausibility of each individual allegation." Zoltek Corp. v. Structural Polymer Grp., 592 F.3d 893, 896 n.4 (8th Cir. 2010).

**Discussion**

To state a claim for negligent failure to procure insurance from an insurance company, the Cronins must plead and prove that:  (1) Bally agreed to procure, for compensation, insurance from Country Mutual covering claims arising from injuries to or damages claimed by or on behalf of foster children placed in their home; (2) Bally failed to procure the agreed-upon insurance and, in doing so, failed to exercise reasonable care and diligence; and (3) damage resulted therefrom. See Parshall v. Buetzer, 121 S.W.3d 548, 554 (Mo. Ct. App. 2003); see also Busey Truck Equip. Co. v. American Family Mut. Ins. Co., 299 S.W.3d 735, 737 (Mo. Ct. App. 2009).

To state a claim for negligent misrepresentation the Cronins must plead facts sufficient to establish that: (1) Bally supplied information in the course of his business because of some

4

pecuniary interest; (2) due to Bally's failure to exercise reasonable care or competence in obtaining or communicating this information, the information was false; (3) Bally intentionally provided information for the guidance of a limited group of persons in a particular business transaction; (4) the Cronins justifiably relied on the information; and (5) as a result of that reliance the Cronins suffered a pecuniary loss.  See M & H Enterprises v. Tri-State Delta Chemicals, Inc., 35 S.W.3d 899, 904 (Mo. Ct. App. 2001) (emphasis added).

Bally's motion to dismiss argues that the Cronins fail to state a claim under either of these legal theories because the Country Mutual policy covered foster child C.B. as an Insured, which is all that the Cronins asked Bally to procure for them.  Bally asserts that under Missouri law, the Cronins' claims for failure to procure insurance and negligent misrepresentation require allegations that Bally agreed to obtain a specific type of coverage at their request, but that he failed to do so. Bally points to the following allegations of the Third Party Complaint:

> 5.  During these meeting with the Cronins, Bally was specifically informed that the Cronins were approved as foster parents by the State of Missouri and during two of these meetings Terri Cronins was holding a foster child that had been placed with the Cronins.  During one of these meetings, Jeffery Cronin specifically asked Bally "is this foster child going to be covered under this policy?"

> 6.  Bally then told both Jeffery and Terri Cronin that he would make sure that the policy that he obtained for the Cronins would provide the coverage necessary to protect any foster children placed in the Cronin's [*sic*] home.
> . . . .

> 11.  At the time that Bally was seeking to sell the Cronins a homeowners insurance policy, Bally was fully aware of a special need for a specific type of insurance product required by the Cronins, and Bally agreed to procure such product.
> . . . .

> 13.  As evidenced by the Plaintiff's Complaint for Declaratory Judgment and the exhibits thereto, Bally neglected and failed to procure the policy of insurance that Bally promised the Cronins he would obtain for the Cronins.

> 14.  By Bally failing to obtain the policy of insurance that would have provided coverage for foster children placed with the Cronins, Bally failed to exercise reasonable care and diligence on behalf of the Cronins.
> . . . .
>
> 22.  At the time of the representations made by Bally to the Cronins, Bally failed to exercise reasonable care in getting the policy of insurance that Bally represented he would obtain to the Cronins and as a result of his failure to exercise such reasonable care, Bally's representations to the Cronins were false.

Third Party Complaint at 2, 3, 5.

Bally asserts that based on the foregoing, there are no allegations that the Cronins requested anything other than homeowners' insurance that covered their foster children, which they received. Bally contends the Cronins were required to specify to him that their general request for homeowners' coverage for foster children included coverage for bodily injury to otherwise insured foster children.  Bally asserts that because the Cronins' allegations make clear that Bally obtained exactly what was requested and subsequently promised, their claims must be dismissed.

The Cronins respond that they make a claim against Bally for failure to procure adequate insurance to protect them from any claim for injury or damages that may be sustained by C.B. while C.B. was placed in their home.  The Cronins assert that they advised Bally of their specific need to have "a policy of insurance sufficient to cover claims for injury or damages arising from and for foster children that were or were to be placed in their home," Cronins' Mem. Opp. at 4, citing paragraphs 11 and 13 of the Third Party Complaint and, as a result, Bally was obligated to either procure such a policy of insurance or advise that the type of coverage they sought could not be obtained.  The Cronins further respond that the Third Party Complaint explicitly sets forth allegations that they "requested of Bally that Bally obtain insurance sufficient for claims arising from or for foster children placed in" their home, citing paragraph 11 of the Third Party Complaint.  Mem. Opp. at 5.  The Cronins assert that where a party makes a special request for insurance to the agent, a duty

6

extends to that agent to procure the insurance requested by the proposed insured, citing <u>Parshall</u>, 121 S.W.3d at 554.  The Cronins argue that given the specific coverage they requested from Bally, he is liable to them regardless of whether Country Mutual's basis of denying coverage is that C.B. is not an insured, or that he is an "excluded" insured.

The Cronins also respond that their failure to procure insurance claim survives the motion to dismiss because they allege that C.B. is not and never was an insured, citing paragraphs 13, 14 and 22 of the Third Party Complaint.  The Cronins assert, without citation to any legal authority, that C.B. is not an insured under the Policy as he could not have been both a "resident" of their home and a ward of the State of Missouri; and that the Policy is ambiguous because its definition of "resident" does not specifically state that foster children are defined as residents and therefore excluded from coverage for bodily injuries sustained.

Bally replies that the essence of the Cronins' argument against dismissal is that their insurance agent must be liable simply because Country Mutual denied their insurance claim, which is not the law in Missouri, citing <u>Parshall</u>, 121 S.W.3d at 554 ("A denial of coverage by an insurer is not the same as a failure to procure insurance.").  Bally states that under Missouri law, the Cronins' claims for negligent procurement and negligent misrepresentation require allegations that Bally agreed to obtain a specific type of coverage at the Cronins' request, but failed to do so.  Bally contends there simply are no allegations in the Third Party Complaint that the Cronins requested anything other than homeowners' insurance that covered their foster children, which they received.

Bally states that while the Cronins assert paragraphs 11 and 13 of the Third Party Complaint contain allegations that they requested "a policy of insurance sufficient to cover claims for injury or damages arising from or for foster children that were or were to be placed in their home," <u>see</u> Mem. Opp. at 4-5, neither paragraph alleges that such a conversation between Bally and the Cronins took

place.  Bally states that paragraph 11 merely alleges that "Bally was fully aware of the special need for a specific type of insurance product," and paragraph 13 alleges only that Bally failed to obtain the policy he "promised the Cronins he would obtain for the Cronins."  Bally contends that the Cronins' failure to allege that they requested anything beyond "coverage" in general for foster children is fatal to their negligent procurement claim.

Bally also replies that while the Cronins attempt to avoid dismissal of their failure to procure insurance claim by contending that they allege Bally failed to procure any insurance coverage, the allegations of the Third Party Complaint on which they rely do not contain any such allegations.  Bally states that while the Cronins cite to paragraphs 13, 14 and 22 of the Third Party Complaint, claiming these paragraphs contain allegations that C.B. was not insured at any time, see Mem. Opp. at 5, none of the cited paragraphs in fact contain an allegation that C.B. was uninsured under the Policy.  Bally states that the Cronins also cite to their denials contained in paragraphs 15 and 17 of their Answer, see Mem. Opp. at 5, but those denials recite only that the Cronins lack sufficient knowledge to admit or deny Country Mutual' s corresponding allegations in the Complaint, and do not allege that C.B. was completely uninsured.  Finally, Bally states that the four affirmative defenses cited by the Cronins similarly do not contain factual allegations that C.B. was not covered for any loss under the Policy, and contends that whether C.B. was insured at all is simply not the dispute presented in the declaratory judgment action.

Under Missouri law, an insurance agent may be liable for negligent breach of his duties to his clients only in limited circumstances.  Blevins v. State Farm & Casualty Co., 961 S.W.2d 946, 951 (Mo. Ct. App. 1998).  An agent's duty is to obtain the insurance requested, or notify the customer if he fails to do so.  Id.; see also Parshall, 121 S.W. 3d at 554.  Missouri law does not impose a duty to advise customers of their particular insurance needs or of availability of optional

coverage. <u>Blevins</u>, 961 S.W.2d at 951. An insurance agent is also not liable for failing to obtain coverage when the insurer does not offer the coverage sought. <u>See</u> <u>Carnahan v. American Family</u> <u>Mut. Ins. Co.</u>, 723 S.W.2d 612, 614 (Mo. Ct. App. 1987). Significantly, general requests for coverage without specifying what that coverage would entail are insufficient to maintain a negligent procurement claim. <u>Banes v. Martin</u>, 965 S.W.2d 383, 385 (Mo. Ct. App. 1998).

The Court agrees with Bally that the Third Party Complaint does not contain any factual allegations that the Cronins asked Bally to obtain "a policy of insurance sufficient to cover claims for injury or damages arising from and for foster children that were or were to be placed in their home." The Third Party Complaint states that Mr. Cronin asked Bally, "Is this foster child going to be covered under this Policy?" Third Party Complaint, ¶ 5. Bally then told both Jeffery and Terri Cronin that he would make sure the policy he obtained for the Cronins "would provide the coverage necessary to protect any foster children placed in the Cronins' home." <u>Id.</u>, ¶ 6. The Court finds these allegations are insufficient to constitute a request for insurance to cover claims for injury or damages arising from and for foster children that were or were to be placed in the Cronins' home.

The Missouri Court of Appeals' decision in <u>Banes v. Martin</u> is instructive. In <u>Banes</u>, the plaintiff asked her insurance agent to obtain a policy with "full coverage" for her new automobile. <u>Id.</u>, 965 S.W.2d 383. The agent provided a policy that was the same as previous policies issued to Banes. Banes was later injured in an automobile accident and her damages exceeded the tortfeasor's liability limits. Banes sued her insurer and insurance agent alleging breach of contract and negligence in failing to provide her with underinsured motorist coverage. The trial court granted summary judgment in favor of the defendants and the Court of Appeals affirmed. The key facts were that Banes asked the insurance agent to provide her with "full coverage," without explaining to the agent what that would entail, and she did not request additional coverage from the previous policy.

9

The agent procured a policy and sent the form to Banes, and she accepted the policy without objecting to its terms.  The Missouri court stated that for the agent to have been obligated to procure the additional underinsured motorist coverage, Banes needed to inform the agent that she wanted coverage beyond that afforded by her previous policy.  Id. at 385.

Although the Cronins did not have a preexisting policy with Country Mutual, the Court finds that under the reasoning of Banes, their inquiry to Bally as to whether the foster child was "going to be covered under the Policy" was insufficient to inform Bally that they were seeking what they now contend they asked for, which is "a policy of insurance sufficient to cover claims for injury or damages arising from and for foster children that were or were to be placed in their home."  While the Cronins' opposition memorandum contains allegations that they specifically requested Bally to obtain such insurance coverage, a plaintiff cannot add factual allegations to the complaint by raising them in a memorandum in opposition to a motion to dismiss.  Morgan Distrib. Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir.1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.  To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, . . . simply by raising a point in a brief.") (internal citations omitted).  The Court therefore concludes that the Cronins' negligent failure to procure insurance and negligent misrepresentation claims must be dismissed.

With respect to the Cronins' argument that their failure to procure insurance claim survives because they allege that C.B. was never an insured under the Policy, the Court finds there are no factual allegations in the Third Party Complaint that C.B. was not an insured under the Policy.  Similarly, there are no allegations in the Cronins' Answer or affirmative defenses that C.B. was not an insured under the Policy.  Further, the Cronins adopted Bally's statement of the factual

background of this case, which is contrary to their argument, because it states that (1) according to Country Mutual's Complaint, C.B., as a person under the age of 21 and in the care of the Cronins, was an "Insured" under the Policy and thus covered; (2) there is no allegation in the Complaint that C.B. was not covered under the Policy, or that this coverage dispute was filed because C.B. was a foster child and therefore not covered under the Policy; and (3) the Complaint alleges that the type of personal injuries allegedly suffered by any insured (whether foster child or some other covered person) are subject to a coverage exclusion and that it has no duty to defend or cover the Cronins on that basis alone.

For these reasons, the Court finds that neither count of the Cronins' Third-Party Complaint contains sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." See Iqbal, 129 S. Ct. at 1949.  Bally's motion to dismiss should therefore be granted.

**Conclusion**

For the foregoing reasons, the Court finds that the Cronins' Third-Party Complaint fails to state a claim upon which relief can be granted against third-party defendant Bally.  The Cronins will be granted fourteen (14) days from the date of this order to file a second amended third-party complaint to include factual allegations regarding the insurance coverage they asked Bally to procure for them, as set forth in their opposition memorandum, provided they can do so in compliance with Rule 11(b)(3), Fed. R. Civ. P.

Accordingly,

**IT IS HEREBY ORDERED** that third-party defendant James C. Bally's motion to dismiss the third-party complaint is **GRANTED**.  [Doc. 62]

**IT IS FURTHER ORDERED** that third-party plaintiffs are granted leave to file a second amended third-party complaint within fourteen (14) days of the date of this order.  In the event no amended third-party complaint is timely filed, the Court will issue an order of dismissal of the third-party complaint.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of March, 2013.