UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| COUNTRY MUTUAL INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-1851 CAS |
| | ) | |
| TERRI L. CRONIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This declaratory judgment matter is before the Court on plaintiff Country Mutual Insurance Company's ("Country Mutual") motion for summary judgment against remaining defendant C.B., by his guardian ad litem, Lennie Bell ("C.B."). C.B. opposes the motion and it is fully briefed. For the following reasons, Country Mutual's motion for summary judgment should be granted.

**I. Background**

This action arises from an underlying personal injury lawsuit filed against defendants Terri L. Cronin and Jeffrey P. Cronin by defendant C.B. through his guardian ad litem, captioned <u>C.B., by Lennie Bell v. Jeffrey Cronin, et al.</u> (the "State Action"). The State Action was originally filed in July 2011 in the Circuit Court of St. Louis City, Missouri as Case No. 1122-CC08895, but venue was transferred to the Circuit Court for St. Charles County, Missouri. The suit was dismissed without prejudice on March 21, 2013, and a new lawsuit was filed the next day in the Circuit Court for the City of St. Louis, Missouri as Case No. 1322-CC00667. The new lawsuit was transferred to the Circuit Court of St. Charles County after a motion to transfer venue was granted in August 2013, where it remains pending as Case No. 1311-CC00756.

The plaintiffs in the State Action allege among other things that the Cronins, while acting as C.B.'s foster parents, negligently caused C.B. to suffer severe physical injuries, permitted a dangerous condition to exist on their premises, and failed to care for C.B., causing him permanent damage. The Cronins submitted a claim to Country Mutual under their homeowners policy to defend them in the State Action and cover any liability they might incur therein. Country Mutual was defending the Cronins in the State Action under a reservation of rights, and filed this action seeking a declaration that the homeowners policy does not cover C.B.'s alleged injury.

The Cronins filed a third party complaint in this action, later amended, against James C. Bally, their former insurance agent who sold them the homeowners policy, asserting claims for negligent failure to procure insurance and negligent misrepresentation. Both claims were dependent on the allegation that Bally agreed to procure a homeowners policy that covered foster children living in the Cronins' home (such as C.B.), but failed to do so. In March 2013, the Court granted Bally's motion to dismiss the amended third party complaint for failure to state a claim upon which relief can be granted, but gave the Cronins leave to further amend. See Mem. and Order of Mar. 26, 2013 (Doc. 74).

In April 2013, the Cronins filed a bankruptcy petition in the United States Bankruptcy Court for the Western District of Oklahoma, which was assigned case number 13-11545. As a result of the bankruptcy filing, this action was stayed pursuant to 11 U.S.C. § 362. The Cronins listed C.B.'s claim in the State Action as an unsecured claim in Schedule F of their bankruptcy schedules. C.B. did not file a Complaint Objecting to Discharge, a Motion for Relief from the Automatic Stay, or an Adversary Proceeding in the bankruptcy court. On August 5, 2013, the Cronins were granted a discharge in bankruptcy under 11 U.S.C. § 727 by the bankruptcy court, and subsequently filed a

Notice of Discharge in Bankruptcy in this action. Because the Cronins were granted a final discharge, C.B. can no longer attempt to pursue or continue the State Action against them.

After the Cronins were discharged from bankruptcy, the Court lifted the stay of this action and amended the case management order. The Cronins filed a second amended third party complaint against Bally, again asserting claims for negligent failure to procure insurance and negligent misrepresentation. Country Mutual subsequently filed the instant motion for summary judgment against the Cronins and C.B.

In January 2014, the Court granted Country Mutual and the Cronins' joint motion to enter a consent judgment in favor of Country Mutual on its claims for declaratory judgment against the Cronins. The Consent Judgment declares that Country Mutual has no duty or obligation to defend or indemnify the Cronins under the homeowners policy with respect to the claims asserted by C.B. in the State Action or against any claim or suit filed by C.B. arising out of or involving the occurrences alleged in the State Action, and that the Cronins are barred forever and enjoined from asserting any claim against Country Mutual based on the occurrences alleged in the State Action. See Consent Judgment (Doc. 107). The Cronins then moved to dismiss their third party claims against James Bally with prejudice, and an Order of Dismissal with Prejudice dismissing the third party claims was entered on January 23, 2014 (Doc. 110). C.B., the remaining defendant, opposes the motion for summary judgment.

## II.  Summary Judgment Standard

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in his pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir. 1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact, see Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004), and "must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." Davidson & Assocs. v. Jung, 422 F.3d 630, 638 (8th Cir. 2005).

With this standard in mind, the Court accepts the following facts as true for purposes of resolving this motion for summary judgment.

**III. Findings of Fact**

The following findings of fact are taken directly from plaintiff Country Mutual's Statement of Uncontroverted Facts. Each fact was admitted by defendant C.B.[1]

1. Plaintiff Country Mutual issued homeowners insurance policy no. A24K7019166 (the "Policy") to defendants Terri L. Cronin and Jeffrey P. Cronin (the "Cronins" or the "Cronin Defendants"). A true and accurate copy of the Policy, authenticated by an affidavit of Country Mutual's representative, was filed as Exhibit 1 to Country Mutual's Statement of Uncontroverted Facts.

2. The Policy was in effect in April and May of 2009. (See Policy, declarations page.)

3. The Cronin Defendants are named in a lawsuit originally filed by C.B., by his next friend Lennie Bell, in the City of St. Louis Circuit Court, which is now pending in St. Charles County, as Case Number 1311-CC00756.

4. In the lawsuit, C.B. seeks money damages from the Cronin Defendants for injuries he allegedly suffered while in their care as a foster child in April and May of 2009.

---

[1] After admitting each of Country Mutual's Statements of Uncontroverted Material Fact, defendant C.B. submitted three "Statements of Additional Material Facts that Remain in Dispute," and cited as support for each statement the now-dismissed (and superseded) First Amended Third Party Complaint filed by the Cronin Defendants. Defendant C.B. did not offer any citation to specific references in the record that would support his proffered statements of disputed material fact, as required by Local Rule 4.01(E). As discussed above in Section II., once the burden shifts, the non-moving party may not rest on the allegations in the pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact, see Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004), and "must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." Davidson & Assocs. v. Jung, 422 F.3d 630, 638 (8th Cir. 2005). The Court finds that C.B. has failed to establish the existence of any disputed material facts.

5. The allegations of the petition include the allegation that C.B. was born March 3, 2009.

6. The Policy, in effect in April and May of 2009, provides the following coverage:

**SECTION 1**
**Liability, Coverage A**

> If a claim is made or suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an occurrence to which this cover applies, "we" will:
> 1. Pay up to "our" limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and
> 2. Provide a defense at "our" expense by counsel of "our" choice, even if the suit is groundless, false or fraudulent. "We" may instigate or settle any claim or suit as "we" decide is appropriate . . .

See Policy at 5.

7. The Policy provides that personal injury to an "Insured" is not covered under the liability coverage of the Policy:

> **F. Liability, Coverage A** does not apply to the following:
> . . . .
> 6. "Bodily injury" to any "insured."
> This exclusion applies to any claim made or suit brought against "you" or an "insured":
>  a. To repay; or
>  b. Share damages with;
>     another person who may be obligated to pay damages because of "bodily injury" to an "insured";

See Policy at 8.

8. The relevant portion of the Definitions section of the Policy in effect on May 29, 2009, defines "insured" in part as follows:

> 7. "Insured" means:
>  a. "You" and residents of "your" household who are:
>   (1) "Your" relatives; or

>   (2) Other persons under the age of 21
>       and in the care of any person named
>       above;

See Policy at 3.

## IV. Discussion

Country Mutual moves for summary judgment asserting that the Policy contains a household exclusion under which there is no liability coverage provided for bodily injury to an insured. Country Mutual argues that C.B. falls within the Policy's definition of "insured" because he was a minor in the care of the Cronins at the time of the occurrences alleged in the State Action. Country Mutual argues that because there is no liability coverage under the Policy for a claim brought by one insured against another insured, it is entitled to summary judgment.

This is a diversity case and Missouri law applies. The interpretation of an insurance policy and the determination whether coverage and exclusion provisions are ambiguous or unambigous are questions of law for the Court. Burns v. Smith, 303 S.W.3d 505, 509 (Mo. 2010) (en banc); see also D.R. Sherry Constr., Ltd. v. American Family Mut. Ins. Co., 316 S.W.3d 899, 902 (Mo. 2010) (en banc) ("As with any other contract, the interpretation of an insurance contract is generally a question of law, particularly in reference to the question of coverage.").

Terms in an insurance contract are to be interpreted according to their plain meaning. Shahan v. Shahan, 988 S.W.2d 529, 535 (Mo. 1999) (en banc). "The plain or ordinary meaning is the meaning that the average layperson would understand." Id. Any ambiguities in insurance policies must be resolved in favor of the insured. Burns, 303 S.W.3d at 509-10. "Where insurance policies are unambiguous, the rules of construction are inapplicable, and absent a public policy to the contrary, the policy will be enforced as written." Krombach v. Mayflower Ins. Co., Ltd., 827 S.W.2d 208, 210 (Mo. 1992) (en banc) (citations omitted). Nonetheless, "Insurance policies are to

be given a reasonable construction and interpreted so as to afford coverage rather than to defeat coverage." Nixon v. Life Investors Ins. Co. of America, 675 S.W.2d 676, 679 (Mo. Ct. App. 1984). An interpretation of insurance policy language which may render a portion of the policy illusory "should not be indulged in." Cano v. Travelers Ins. Co., 656 S.W.2d 266, 271 (Mo. 1983) (en banc).

"Missouri . . . strictly construes exclusionary clauses against the drafter, who also bears the burden of showing the exclusion applies." Burns, 303 S.W.3d at 510. The same rules of construction apply to exclusions, however, as to coverage provisions. "Where language in an insurance contract is unequivocal, it is to be given its plain meaning notwithstanding the fact that it appears in a restrictive provision of a policy." Harrison v. MFA Mut. Ins. Co., 607 S.W.2d 137, 142 (Mo. 1980) (en banc).

Under Missouri law, the contractual terms and provisions of insurance policies will be enforced unless they violate public policy. See American Family Mut. Ins. Co. v. Ward, 789 S.W.2d 791, 795-96 (Mo. 1990) (en banc) (Missouri Motor Vehicle Safety Responsibility Law did not have effect of invalidating household exclusion clauses). The instant case involves a "household exclusion," which Missouri courts have described as a "limitation or exclusion from providing coverage for bodily injury to the insured or any one connected with the insured by blood or affinity." Kearbey by Kearbey v. Kinder, 972 S.W.2d 575, 577 n.1 (Mo. Ct. App. 1998).

Household exclusion provisions have been enforced by Missouri courts on numerous occasions. See, e.g., State Farm Mut. Auto. Ins. Co. v. Ballmer, 899 S.W.2d 523, 526 (Mo. 1995) (en banc) (household exclusion in automobile liability policy was unambiguous and excluded claim by a member of the insured's family residing in the insured's household); Jensen v. Allstate Ins. Co., 349 S.W.3d 369, 380 (Mo. Ct. App. 2011) (household exclusion that excluded coverage for claim brought by any person related to insured by marriage and living in the same household was

8

unambigous and applied to widow's claim against the insured for liability coverage over and above the Missouri Motor Vehicle Financial Responsibility Law's statutory limit of $25,000); <u>Ulsas v. Progressive Northwestern Ins. Co.</u>, 275 S.W.3d 366, 339-70 (Mo. Ct. App. 2009) (household exclusion under liability insurance policy issued for personal watercraft, excluding coverage for "bodily injury to you or a relative," precluded coverage for bodily injury sustained by the named insured's son when his personal watercraft collided with the insured watercraft being operated by a permissive user, where the son resided in same household as the named insured).

Missouri courts have held that a household exclusion provision may apply to individuals who are not directly related to the insured policyholder. In <u>Shahan</u>, 988 S.W.2d 529, the Missouri Supreme Court held that the plain language of a household exclusion applied to preclude coverage for injury to the policyholder's stepson, where the policy language excluded coverage for bodily injuries to "any insured or any member of an insured's family residing in the insured's household." The policy defined "insured" to include "relatives of the first person named in the declarations" and defined "relative" as a "person related to you or your spouse by blood, marriage or adoption who lives with you." <u>Id.</u> at 535. The policy excluded coverage because the stepson lived with his mother (to whom he was related by blood) and the policyholder, and therefore was a "relative" as defined by the policy. As a relative of the policyholder, the stepson was an "insured" and as a consequence fell within the category of "any insured" under the household exclusion. <u>Id.</u>

Country Mutual asserts that the Policy is unambiguous and unequivocally provides that persons under the age of 21 and in the care of the policyholder are insureds, and there is no liability coverage for claims brought by one insured against another insured. Country Mutual argues that C.B., the injured child, was under the age of 21 when the alleged injuries occurred, and was in the Cronins' care as their foster child. Thus, Country Mutual argues that although C.B. was not related

9

by blood to the Cronins, he is an "insured" under the plain language of the Policy because he was under the age of 21 and in the Cronins' care.

The Court agrees. The Policy provides that liability coverage does not apply to bodily injury to any "insured." The Policy defines "insured" as the Cronins and other residents of their household who are (1) the Cronins' relatives, or (2) "other persons under the age of 21 and in the care of any person named above." Here, C.B. was an "other person under the age of 21" who resided in the Cronins' house and was, as their foster child, in the Cronins's care. The Court concludes Country Mutual has met its burden to establish that under the unequivocal language of the Policy's household exclusion, Country Mutual is not obligated to defend or indemnify the Cronins for bodily injury suffered by C.B., because C.B. was an "insured" under the Policy.

In opposing summary judgment, C.B. argues that Country Mutual's agent, Bally, misrepresented to the Cronins that foster children in their care would be covered by the Policy, and because the Cronins relied on this representation in canceling their prior policy and purchasing the Policy, Country Mutual has waived the ability to deny that coverage exists for injury to C.B. under the Policy. This argument fails for two reasons. First, as noted above, C.B. offers no probative evidentiary facts to support his argument, as opposed to mere allegations based on the Cronins' now-dismissed amended third party complaint. See Davidson, 422 F.3d at 638.

Second, C.B.'s argument fails on its merits. Missouri courts hold that the doctrines of waiver and estoppel are not available and will not apply in situations to "create" coverage where coverage is not provided by or is excluded under the policy. Century Fire Sprinklers, Inc. v. CNA/Transportation Ins. Co., 87 S.W.3d 408, 417 n.2 (Mo. Ct. App. 2002); Holland Corp., Inc. v. Maryland Cas. Co., 775 S.W.2d 531, 534-35 (Mo. Ct. App. 1989); see also Taylor v. Commercial Union Ins. Co., 614 F.2d 160, 163 (8th Cir. 1980) ("We agree that under Missouri law waiver cannot

create coverage in circumstances where coverage is specifically excluded or never included under the terms of an insurance policy."). See, e.g., Lawrence v. New York Life Ins. Co., 649 S.W.2d 461, 465 (Mo. Ct. App. 1983) (defense that double indemnity coverage did not apply to risk of gas inhalation was not barred by insurer's failure to inform insured promptly of extent of coverage); State Farm Mut. Auto. Ins. Co. v. Hartford Accident & Indem. Co., 646 S.W.2d 379, 381 (Mo. Ct. App. 1983) (defense that Exclusion J excludes coverage of automobile purchased during policy period for which other insurance is purchased was not barred even if insurer initially denied coverage on other ground).

## V. Conclusion

For the foregoing reasons, the Court concludes that plaintiff Country Mutual has met its burden to establish that the household exclusion in the Policy applies to preclude coverage for bodily injury suffered by defendant C.B. Country Mutual's motion for summary judgment against defendant C.B. should therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Country Mutual Insurance Company's Motion for Summary Judgment, as against defendant C.B., by his guardian ad litem, Lennie Bell, is **GRANTED**. [Doc. 101]

An appropriate judgment will accompany this Memorandum and Order.

            _/s/ Charles A. Shaw_
            **CHARLES A. SHAW**
            **UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of April, 2014.